Matter of Rudnick (2023 NY Slip Op 01008)

Matter of Rudnick

2023 NY Slip Op 01008

Decided on February 22, 2023

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.

2021-06592

[*1]In the Matter of Jonathan S. Rudnick, admitted as Jonathan Rudnick, an attorney and counselor-at-law. (Attorney Registration No. 2381838)

The respondent, Jonathan S. Rudnick, was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 27, 1991, under the name Jonathan Rudnick. By order to show cause dated April 14, 2022, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by an order of the Supreme Court of New Jersey, filed March 25, 2022.

Diana Maxfield Kearse, Brooklyn, NY (Thomas J. Murphy of counsel), for Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.
Jonathan S. Rudnick, Tinton Falls, New Jersey, respondent pro se.

PER CURIAM.

OPINION & ORDER
By order filed March 25, 2022, the Supreme Court of New Jersey reprimanded the respondent for violating New Jersey Rules of Professional Conduct (hereinafter NJ RPC) rules 1.3 (lack of diligence), 1.4(b) (failure to keep a client reasonably informed about the status of a matter and to comply with reasonable requests for information) and (c) (failure to explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation), and 8.4(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation). By letter dated March 31, 2022, the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts notified this Court of the order of the Supreme Court of New Jersey.
The New Jersey Proceeding 
The order filed March 25, 2022, was predicated on a decision dated August 16, 2021, by the Disciplinary Review Board of the Supreme Court of New Jersey (hereinafter the DRB). As reflected in the decision, on February 12, 2019, the respondent was charged by a formal ethics complaint, with the aforementioned four violations of the NJ RPC, based on a complaint filed by his client, William Lampman. The respondent submitted a verified answer, admitting to all of the allegations and requesting to be heard on mitigation. On September 11, 2019, the parties entered into a stipulation, wherein the respondent again admitted the allegations of the complaint, as set forth below.
Lampman retained the respondent to commence an action against, among others, a Nissan dealer and the manufacturer. In October 2016, the respondent commenced an action on behalf of Lampman, alleging consumer fraud, misrepresentations for selling a damaged Nissan vehicle, and breach of warranty. In December 2016, the manufacturer filed an answer and served Lampman with interrogatories. Although Lampman returned his interrogatory answers to the respondent, the respondent failed to serve the answers on the manufacturer and, consequently, the complaint was dismissed without prejudice in May 2017. The respondent never filed a motion to [*2]reinstate the complaint.
In October 2017, when Lampman contacted the respondent to inquire about the status of his case, the respondent informed him that the dealer was out of business and that the case against the manufacturer had been dismissed. The respondent withheld from Lampman that the case against the manufacturer had been dismissed based on the respondent's failure to reply to the interrogatories and falsely claimed that the entire case had been dismissed because the dealer had gone out of business. By virtue of the foregoing, the respondent conceded that he made a misrepresentation to Lampman.
The respondent thereafter returned $600 to Lampman, which constituted the $850 retainer less the $250 that it cost to file the complaint. Thereafter, Lampman contacted the court and learned that his case against the manufacturer had been dismissed for the respondent's failure to respond to the interrogatories, and Lampman consequently filed the underlying grievance complaint against the respondent. Ultimately, Lampman was able to trade in his damaged car for a new vehicle.
Following oral arguments, the DRB found that the respondent violated NJ RPC rules 1.3, 1.4(b) and (c), and 8.4(c), and that a reprimand was appropriate. The DRB further recommended that the respondent be required to reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of the matter. The DRB considered in mitigation that the respondent had no prior disciplinary history; he refunded Lampman's fee, minus the filing fee, on his own accord; he admitted that he had made a mistake; and he accepted responsibility for his actions.
By order filed March 25, 2022, the Supreme Court of New Jersey reprimanded the respondent and ordered that he reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of the matter.
New York Proceeding 
By order to show cause dated April 14, 2022, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by the order of the Supreme Court of New Jersey filed March 25, 2022, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of the Court, with proof of service upon the Grievance Committee.
In his response to this Court's order to show cause, the respondent does not assert any defenses and consents to the imposition of discipline by this Court for his professional misconduct.
Accordingly, we find that the imposition of reciprocal discipline is warranted based on the findings of the Supreme Court of New Jersey, and we conclude that the appropriate sanction is a public censure.
LASALLE, P.J., DILLON, DUFFY, BARROS and IANNACCI, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13, the respondent, Jonathan S. Rudnick, admitted as Jonathan Rudnick, is publicly censured.
ENTER:
Maria T. Fasulo
Clerk of the Court